

FILED
CLERK, U.S. DISTRICT COURT

JUN - 2 2025

CENTRAL DISTRICT OF CALIFORNIA
BY            AF            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FLORENTIN MORARU,

Defendant.

Case No. 25-MJ-3335

ORDER OF DETENTION

I.

On June 2, 2025, Defendant Florentin Moraru – assisted by a Romanian Language interpreter - made his initial appearance on the criminal complaint filed in this case. Gregory Nicolaysen, a member of the indigent defense panel, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Andrew Brown. Defendant submitted on the recommendation of detention in the report prepared by the U.S. Probation and Pretrial Services Officer.

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)]. The Court also considered the report and recommendation prepared by United States Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ unverified background information
- ☒ family ties outside the United States – wife and adult children in Romania; history of foreign travel;
- ☒ unknown bail resources
- ☒ No legal status in the United States – Defendant admitted that he had overstayed his visa
- ☒ allegations in the criminal complaint involve the use of false identifications and Defendant was found – at the time of arrest – in possession of 70 re-encoded EBT cards in the names of identity theft victims and equipment used to make and use skimming devices.
- ☒ did not comply with directions from law enforcement executing search warrant at the residence – attempted to escape from a bedroom window but noticed law enforcement agents outside.

As to danger to the community:

- ☒ allegations in the complaint involve a conspiracy to commit access device fraud in connection with a scheme with others to place skimming devices at ATM machines and the use of false identifications to access funds in bank accounts and make withdrawals from the EBT accounts of numerous victims.

## V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: June 2, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE